# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 04-cr-00157-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS MARK CONNALY,

    Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On April 1, 2010, this matter came before me for status conference and competency hearing under 18 U.S.C. §§ 4241 and 4247(d), for discussion and determination of the defendant's competency, *vel non*. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed. I find that defendant is competent to proceed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered that the defendant does not contest the finding of competency; having considered the **Forensic Report** [#65] filed under seal on March 5, 2010, to which the parties do not object; and noting that the parties do not object to my consideration of the **Forensic Report** [#65] or the entry of a finding of competency, I enter the following findings of fact,[1] conclusions of law, and orders.

---

[1] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On October 19, 2009, I entered an **Order For Competency Examination And Determination** [#59], granting defendant's **Motion To Determine Defendant's Competency**[#54] October 8, 2009.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Dr. Christina A. Pietz, a forensic psychologist, conducted a psychological examination of the defendant. On March 5, 2010, the **Forensic Report** [#65] of Dr. Pietz was filed under seal. The report included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Pietz.

3. The defendant is not presently suffering from a mental disease or defect[2] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense. Therefore, the defendant is presently competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of defendant's motion [#54] on October 8, 2009, to the date of this order, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Thomas Mark Connaly**, is declared competent to proceed ;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the

---

[2] The diagnoses of Dr. Pietz are stated on page 8 of her report.

filing of defendant's motion [#54] on October 8, 2009, to the date of this order, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

      3. That this case is continued to permit the filing and hearing of pretrial motions consistent with the scheduling orders entered by the court from the bench on April 1, 2010.

      Dated April 1, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge